STATE v. BENNIE BOSWELL ET AL.

(Filed 18 April, 1928.)

**Criminal Law—Instructions—Instruction Held Not Expression of Opinion by Trial Court.**

Upon the trial under an indictment for assault and larceny, where some of the State's witnesses were eye-witnesses and some were not, and the defendant had admitted he was present at the time, an instruction as to the first class "now that is the testimony of eye-witnesses," followed by correct instructions as to the second class, is not objectionable as an expression of opinion by the trial judge forbidden by C. S., 564.

APPEAL by defendant, Bennie Boswell, from *Daniels, J.,* at October Term, 1927, of GUILFORD. No error.

Indictment for assault with deadly weapon, and for larceny of the sum of $125.00 in money, and of a watch.

From judgment upon a verdict of guilty, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Hines, Kelly & Boren for defendant.*

PER CURIAM. In support of the indictment in this action, the State offered as evidence the testimony of L. E. Snider, upon whom the assault is alleged to have been made, and whose property is alleged to have been stolen by defendant and another. It also offered the testimony of J. R. Snider, brother of L. E. Snider, who testified that he was present at the time it is alleged that the crime was committed. In corroboration of the testimony of these two witnesses, the State offered the testimony of other witnesses, who were not present when it is alleged that the assault was made upon L. E. Snider and when his property was stolen.

In his charge to the jury, the judge, after stating in a plain and correct manner the testimony of L. E. Snider and J. R. Snider, said: "Now that is the testimony of eye-witnesses about the offense alleged in the bill of indictment." He then proceeded to state the testimony of the other witnesses for the State, after which he stated the testimony offered by defendants.

Defendant's assignment of error based upon his exceptions to the statement of the judge that the testimony of L. E. Snider and J. R. Snider was the testimony of eye-witnesses, cannot be sustained. They were the only eye-witnesses for the State. Defendant admitted that he was present at the time and place when and where the crime is alleged

to have been committed. He denied that either he or his codefendant assaulted the State's witness; both testified that they won the money and watch of L. E. Snider, while gambling with him. The statement of the judge cannot be justly construed as an expression of opinion in violation of the statute. C. S., 564.

The other assignments of error based upon an exception to an instruction in the charge to the jury, and upon an exception, for that the court failed to define in the charge the crime alleged in the indictment, are without merit, and cannot be sustained. The charge contains a clear and correct definition of the crime of larceny. The indictment alleging all the facts which constitute the crime charged therein was read to the jury by the judge in his charge. The issue raised by defendant's plea of "not guilty" involved matters of fact, only. We find no error of law, for which defendant is entitled to a new trial. The judgment is affirmed.

No error.